UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARVIN MORAN,<br><br>                 Petitioner,<br>    v.<br><br>LOVELOCK CORRECTIONAL CENTER WARDEN, *et al.*,<br><br>                 Respondents. | Case No. 3:21-cv-00050-MMD-WGC<br><br>ORDER |

This *pro se* habeas petition pursuant to 28 U.S.C. § 2254 comes before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254[1] Cases in the United States District Courts, and for consideration of Petitioner's motion for appointment of counsel (ECF No. 1-2).

Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). A jury found him guilty of burglary while in possession of a deadly weapon, first degree kidnapping with use of a deadly weapon, and murder with use of a deadly weapon. On April 8, 2015, the state district court entered a judgment of conviction and sentenced Petitioner to 72 to 180 months; 20 years to life plus a consecutive term of 96 to 240 months for the use of a deadly weapon; and a concurrent term of 5 years to life plus a term of 96 to 240 months for the use of a deadly weapon. The state district court entered an amended judgment conviction on April 21, 2015 and a second amended judgment of conviction on August 5, 2015.

Petitioner appealed. On June 25, 2018, the Nevada Supreme Court entered an order affirming in part, reversing in part, and remanding to the district court. The Nevada

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

Supreme Court reversed Petitioner's first degree kidnapping conviction and affirmed his convictions on burglary and first degree murder. The state district court dismissed the first degree kidnapping with use of a deadly weapon count and on September 19, 2018, entered a third amended judgment of conviction.

Petitioner filed a state habeas petition. The state district court denied his state habas petition and the Nevada Supreme Court affirmed. Remittitur issued on November 23, 2020. Petitioner dispatched this federal habeas petition for filing on January 22, 2021. (ECF No. 1-1.) Having conducted an initial review of the petition, the Court will direct service of the petition and a response.

Turning to Petitioner's motion for appointment of counsel, the motion will be denied. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). When a habeas petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, no attorney is legally required. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). The court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196.

Petitioner asserts that he is unable to afford counsel and he cannot represent himself because the substantive issues and procedural matters in this case are too complex for his comprehension and abilities. He also asserts that discovery will be necessary to obtain materials he cannot obtain himself as an incarcerated inmate. At this

1 | juncture, the Court cannot determine whether circumstances exist that would justify a grant of discovery and the Court will not appoint counsel based on a speculative possibility of discovery. Although Petitioner is serving a lengthy sentence, a review of the state court docket and the petition do not illustrate that the issues are particularly complex. Petitioner has not shown that denial of counsel would amount to a denial of due process. Accordingly, the motion is denied without prejudice.

It is therefore ordered that Petitioner Marvin Moran's motion for appointment of counsel (ECF No. 1-2) is denied without prejudice.

It is further ordered that the Clerk of Court is directed to separately file the petition for writ of habeas corpus (ECF No. 1-1).

It is therefore ordered that the Clerk of Court add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the notices of electronic filing to the Nevada Attorney General's office only.

It is further ordered that Respondents will have 60 days from the date on which the petition is served upon them to appear in this action, and to answer or otherwise respond to the petition. If Respondents file an answer, Petitioner will have 60 days to file a reply to the answer. If any motion is filed, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

It is further ordered that any procedural defenses raised by Respondents in this case must be raised together in a single consolidated motion to dismiss. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th

Cir. 2005). All procedural defenses, including exhaustion, must be raised by motion to dismiss.

It is further ordered that in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file a set of state court exhibits relevant to the response filed to the petition, in chronological order.

It is further ordered that all state court records and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3, and include a separate index identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit will then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—*need not* be provided to chambers or to the staff attorney, unless later directed by the court.

DATED THIS 21st Day of June 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE