# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
***

| | |
|---|---|
| MARVIN MORAN,<br><br>                        Petitioner,<br>     v.<br><br>LOVELOCK CORRECTIONAL CENTER WARDEN, *et al.*,<br><br>                        Respondents. | Case No. 3:21-cv-00050-MMD-WGC<br><br>ORDER |

      This habeas matter is before the Court on Petitioner Marvin Moran's Motion for Stay and Abeyance (ECF No. 15) and Motion for Enlargement of Time (ECF No. 14). No opposition has been filed to either motion and the deadline to do so has expired. For the reasons discussed below, Petitioner's Motion for Stay and Abeyance is granted and Motion for Enlargement of Time is denied as moot.

      Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). A jury found him guilty of burglary while in possession of a deadly weapon, first degree kidnapping with use of a deadly weapon, and murder with use of a deadly weapon. Petitioner seeks a stay and abeyance to exhaust Grounds 1, 3, 4 and 9. (ECF No. 15.)

      Federal courts may not grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement is "grounded in principles of comity" as it gives states "the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In general, a federal district court must dismiss an unexhausted petition without prejudice. *See Coleman*, 501 U.S. at 731 (noting that the

Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (stating habeas petitions should be dismissed if state remedies have not been exhausted as to any federal claims).

A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*"). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'" *Wooten*, 540 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Wooten*, 540 F.3d at 1024 (citing *Rhines*, 544 U.S. at 276-77).

A statement that a habeas petitioner was *pro se* during his state post-conviction proceedings is sufficient to constitute good cause for failing to exhaust claims. *See Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) (citing *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)). "A petitioner who is without counsel in state postconviction proceedings cannot

be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." *Dixon*, 847 F.3d at 721.

Petitioner argues that good cause exists because he was reasonably confused and because he did not have counsel in state post-conviction proceedings. (ECF No. 15.) The Court finds that Petitioner has established good cause exists for his failure to exhaust in state court. The Court further finds that the unexhausted grounds are not "plainly meritless," and that Petitioner has not engaged in intentionally dilatory litigation tactics. Accordingly, the Court will grant Petitioner's motion for stay and abeyance.

It is therefore ordered that Petitioner Marvin Moran's Motion for Stay and Abeyance (ECF No. 15) is granted.

It is further ordered that Petitioner's Motion for Enlargement of Time (ECF No. 14) is denied as moot.

It is further ordered that this action is stayed pending exhaustion of the unexhausted claims in the petition for writ of habeas corpus.

It is further ordered that the grant of a stay is conditioned upon Petitioner filing, if same is not already pending, a state post-conviction petition or other appropriate proceeding in state district court within 45 days of the date of entry of this order and returning to federal court with a motion to reopen within 45 days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of all state court proceedings.[1]

It is further ordered that, with any motion to reopen filed following completion of all state court proceedings pursued, Petitioner: (a) must attach supplemental exhibits containing the new state court pleadings and the state court written decisions thereon; and (b) if Petitioner intends to amend the federal petition, must file a motion for leave to amend

---

[1] If *certiorari* review will be sought or thereafter is being sought, either party may move to extend the stay for the duration of such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335 (2007).

along with the proposed verified amended petition or a motion for extension of time to move for leave.

The Clerk of Court is directed to administratively close this action until such time as the Court grants a motion to reopen the matter.

It is further ordered that the Court will reset the briefing schedule upon reopening the case and lifting the stay. No claims are dismissed by this order, and a reopened action will proceed under the same docket number.

It is further ordered that Respondents' Motion to Dismiss (ECF No. 8) is denied without prejudice to the reassertion of any and all defenses then applicable following the stay, following upon a scheduling order directing a response.

DATED THIS 20th Day of October 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE