UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| MARVIN MORAN,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br>LOVELOCK CORRECTIONAL CENTER WARDEN, *et al.*,<br><br>　　　　　　　　　　Respondents. | Case No. 3:21-cv-00050-MMD-WGC<br><br>ORDER |

**I.　SUMMARY**

This habeas matter is before the Court on Petitioner Marvin Moran's Motion to Extend Stay. ("Motion" (ECF No. 25).) Respondents filed a non-opposition to Moran's Motion. (ECF No. 26.) Also before the Court is Moran's Motion in Support of Petition for Writ of Certiorari (ECF No. 28) and Respondents' Motion to Strike (ECF No. 29).

**II.　BACKGROUND**

On October 20, 2021, the Court granted Moran's motion for stay and abeyance pending exhaustion of his unexhausted claims in state court. (ECF No. 16.) He requested an extension of the stay to seek certiorari review. The Court granted his request for an extension of the stay and instructed Moran to file a motion to reopen within 45 days of an order denying his petition for writ of certiorari. (ECF No. 24.) The Court further instructed Moran that after filing a motion to reopen, if he intends to amend his federal petition, he must file a motion for leave to amend along with the proposed verified amended petition or a motion for extension of time to move for leave. (*Id.*)

**III.　DISCUSSION**

　　**a.  Motion to Extend Stay**

Moran requests another extension of the stay because he was unable to file his

petition seeking certiorari review. The Court finds that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant the motion. The grant of the extension of the stay is conditioned upon Moran filing, if same is not already pending, a petition for writ of certiorari seeking review of the Nevada Court of Appeals' decision within forty-five days of entry of this order[1] and returning to federal court with a motion to reopen within 45 days of an order denying his petition for writ of certiorari. If the petition for writ of certiorari is granted, Moran must file a status report in this action within 30 days of an order granting such relief.

**b.  Motion in Support of Petition for Writ of Certiorari and Motion to Strike**

Moran submits what appears to be his petition for writ of certiorari to the United States Supreme Court. It appears that Moran filed his petition for writ of certiorari with this Court in error. Moran remains responsible at all times for calculating the deadline to file a petition for writ of certiorari as well as all procedural requirements for filing a petition for writ of certiorari with the United States Supreme Court. The Court denies his motion in support of petition for writ of certiorari as it does not appear to be requesting any relief from this Court and is likely filed with this Court in error. To the extent Moran would like to reopen these federal habeas proceedings or to file a motion to amend, he must file a motion to reopen and a motion to amend his federal petition along with the proposed verified amended petition.

Respondents move to strike Moran's motion in support of petition for writ of certiorari as a fugitive pleading. Although it appears Moran filed his motion with this Court in error, the Court declines to strike his motion. Accordingly, the Court denies Respondents' motion to strike.

**IV.    CONCLUSION**

It is therefore ordered that Petitioner's Marvin Moran's Motion to Extend Stay (ECF

---

[1] Moran remains responsible at all times for calculating the deadline to file a petition for writ of certiorari and for calculating the running of the federal limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions.

No. 25) is granted.

It is further ordered that the grant of a stay is conditioned upon Moran filing, if same is not already pending, a petition for writ of certiorari seeking review of the Nevada Court of Appeals' decision within forty-five days of entry of this order and returning to federal court with a motion to reopen within 45 days of an order denying his petition for writ of certiorari. If the petition for writ of certiorari is granted, Moran must file a status report in this action within 30 days of an order granting such relief.

It is further ordered that, with any motion to reopen filed following completion of all state court and/or appellate proceedings pursued, Moran: (a) must attach supplemental exhibits containing the new state court pleadings and the state court written decisions thereon; and (b) if Moran intends to amend the federal petition, must file a motion for leave to amend along with the proposed verified amended petition or a motion for extension of time to move for leave.

It is further ordered that the Court will reset the briefing schedule upon reopening the case and lifting the stay. No claims are dismissed by this order, and a reopened action will proceed under the same docket number.

It is further ordered that Petitioner's Marvin Moran's Motion in Support of Petition for Writ of Certiorari (ECF No. 28) is denied.

It is further ordered that Respondents' Motion to Strike (ECF No. 29) is denied.

DATED THIS 18th Day of October 2024.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE