UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARVIN MORAN, | Case No. 3:21-cv-00050-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| LOVELOCK CORRECTIONAL CENTER WARDEN, *et al.*, | |
| Respondents. | |

## I.      SUMMARY

Petitioner Marvin Moran, a *pro se* Nevada prisoner, submitted a Petition for Writ of Habeas Corpus (ECF No. 6) under 28 U.S.C. § 2254. This habeas matter is before the Court on Respondents' Motion to Dismiss (ECF No. 37 ("Motion")). For the reasons discussed below, the Court appoints counsel and denies without prejudice Respondents' Motion.

## II.      BACKGROUND

Moran challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. A jury found him guilty of burglary while in possession of a deadly weapon, first-degree kidnapping with use of a deadly weapon, and murder with use of a deadly weapon. On April 8, 2015, the state district court entered a judgment of conviction and sentenced Petitioner to 72 to 180 months; 20 years to life plus a consecutive term of 96 to 240 months for the use of a deadly weapon; and a concurrent term of 5 years to life plus a term of 96 to 240 months for the use of a deadly weapon. The state district court entered an amended judgment conviction on April 21, 2015 and a second amended judgment of conviction on August 5, 2015.

The Nevada Supreme Court entered an order affirming in part, reversing in part, and remanding to the district court on direct appeal. The Nevada Supreme Court reversed Moran's first-degree kidnapping conviction and affirmed his convictions on burglary and first-degree murder. The state district court dismissed the first-degree kidnapping with use of a deadly weapon count and, on September 19, 2018, entered a third-amended judgment of conviction.

Moran filed a state habeas petition. The state district court denied his state habas petition, and the Nevada Supreme Court affirmed. Moran dispatched the instant federal habeas petition. (ECF No. 1-1.) In October 2021, the Court granted Moran's Motion to Stay case pending exhaustion of his unexhausted claims. (ECF No. 16.) The Court granted Moran's Motions to Extend Stay. (ECF Nos. 24, 32.) In February 2024, the state appellate court issued remittitur. (ECF No. 34 at 30.) Moran filed a petition for writ of certiorari with the United State Supreme Court. The Court granted Moran's Motion to Reopen and, in December 2025, Respondents' filed their Motion to Dismiss. (ECF Nos. 35, 37.) Moran did not file an opposition to Respondents' Motion.

**III.    DISCUSSION**

The Court previously denied Moran's Motion for Counsel without prejudice. (ECF No. 5.) The Court, however, finds that appointment of counsel is in the interests of justice taking into account, *inter alia*, the lengthy sentence structure and the complexity of potential claims. In addition, the Court finds that Respondent's Motion to Dismiss would benefit from additional briefing. When counsel is appointed to represent a habeas petitioner, leave is granted to file an amended petition as a matter of course. The Court sees no reason to depart from the usual practice in habeas corpus cases of allowing amended petitions under these circumstances. Accordingly, the Court denies Respondents' Motion to Dismiss without prejudice to Respondents filing a renewed motion to dismiss following service of the amended petition and a briefing schedule.

**IV.    CONCLUSION**

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 37) is denied

without prejudice.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the Office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims.  That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the Clerk of Court is further directed to send a copy of this Order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 27th Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE